16-2722-cr
*United States v. Acoff*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand seventeen.

PRESENT:   RALPH K. WINTER,
           DENNY CHIN,
           SUSAN L. CARNEY,
                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                *Appellee,*

            v.                                    16-2722-cr

JOSHUA J. ACOFF,
                *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                     BRIAN P. LEAMING, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

FOR DEFENDANT-APPELLANT:     CHARLES F. WILLSON, Federal Defender's Office, Hartford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

On May 5, 2016, defendant-appellant Joshua J. Acoff pled guilty to possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  On August 1, 2016, the district court sentenced him principally to 84 months' imprisonment.  Judgment was filed on August 3, 2016.  Acoff challenges the sentence on the grounds that the court misapplied the career offender enhancement based on his prior state drug conviction, which caused the court to miscalculate the resulting Guidelines range before imposing its sentence.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

At sentencing, the court identified three Guidelines ranges that could arguably apply to Acoff: 151 to 188 months if the U.S.S.G. § 4B1.1 enhancement for career offenders applied, 37 to 46 months if the enhancement did not apply, and an adjusted range of 21 to 27 months pursuant to the court's practice of eliminating sentencing disparities between offenses for crack and powder cocaine.  The court acknowledged that the applicability of the Career Offender Guideline would not affect

- 2 -

Acoff's sentence in light of its decision not to sentence Acoff within these Guidelines ranges, but it proceeded to address the issue anyway "for the record and also because, as I said, I think district judges need guidance on this question . . . ." App. 26. It concluded that (1) Connecticut General Statute § 21a-277, the statute underlying Acoff's prior conviction, is a divisible statute; (2) the modified categorical approach applied; (3) Acoff's conviction under § 21a-277 was his second conviction for a "controlled substance offense" as defined in U.S.S.G. § 4B1.2(b); and thus (4) Acoff was eligible for the career offender enhancement under U.S.S.G. § 4B1.1. The court therefore determined that Acoff's applicable Guidelines range was 151 to 188 months. It then sentenced Acoff to 84 months' imprisonment. This appeal followed.

We review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Kent*, 821 F.3d 362, 368 (2d Cir. 2016). "If we 'identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing.'" *United States v. Mandell*, 752 F.3d 544, 553 (2d Cir. 2014) (per curiam) (quoting *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009)).

Here, the record plainly reflects that the district court would have sentenced Acoff to 84 months' imprisonment even if it had not found him eligible for the career offender enhancement. The judgment of conviction itself specifies:

> The non-Guidelines sentence of 84 months reflects the Court's determination that neither of the two arguably applicable Guidelines ranges -- the one applicable if the career offender guideline applied (which the Court determined it probably did) and the one applicable if it did not apply -- would result in a sentence that was sufficient but not greater than necessary to serve the purposes of sentencing. (The same was true of a sentence within the range that would apply after eliminating the crack/powder disparity).

App. 64. Moreover, the court indicated multiple times at sentencing that it would have imposed the 84-month sentence regardless of whether the career offender enhancement applied. The court, for example, expressly stated that it "would impose this sentence even if [it] had reached a different conclusion as to the Guidelines and, specifically, even if [it] had found that the Career Offender Guideline did not apply." App. 55-56.

While it is true that "the correct Guidelines range is 'the starting point and the initial benchmark' for federal sentences" and "we cannot lightly assume that eliminating [an] enhancement[] from the Guidelines calculation would not affect the sentence," *United States v. Feldman*, 647 F.3d 450, 459-60 (2d Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)), it is clear in this case that the court's sentencing decision was not improperly influenced by its application of the career offender enhancement or calculation of the Guidelines ranges. At sentencing, the court highlighted the seriousness of Acoff's offense, the fact that he committed the offense during two terms of supervised release, his "great persistence in being a drug dealer," and his "sustained failure to comply with the law." App. 52. It focused on the failure of his prior federal sentence of 60 months to specifically deter his criminal activity and to

- 4 -

protect the public from his conduct, considerations that "clearly called for" a longer sentence, App. 53, and on the sentencing need to promote respect for the law given that Acoff had committed his offense while on supervised release. The court concluded that (1) a sentence within the career offender Guidelines range of 151 to 188 months would be greater than necessary in this case, (2) sentences within the otherwise applicable Guidelines ranges of 37 to 46 months and 21 to 27 months would be insufficient, and (3) the sentence imposed should be longer than Acoff's prior sentence of 60 months. The court then determined a sentence of 84 months was "sufficient, but not greater than necessary to meet the purposes of sentencing most salient in this case," App. 55, and explained that this sentence was appropriate regardless of whether the career offender enhancement applied.

We conclude that any error arising out of the court's application of the career offender enhancement and calculation of the Guidelines ranges was harmless, and we decline to vacate Acoff's sentence on this basis. While it is important that a sentencing court correctly calculate the Guidelines range to arrive at the right starting point, "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist. . . . The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016); *accord Mandell*, 752 F.3d at 553 (declining to vacate sentence where

calculation error was harmless and district court "would have imposed the same sentence in any event" (quoting *Jass*, 569 F.3d at 68)). This is such a case, as the district court's careful analysis and discussion show that the sentence it chose was appropriate irrespective of the range.

We have considered Acoff's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk