17-1537-cr
*United States v. Santiago*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 `AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand eighteen.

Present:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                         17-1537-cr

JESUS SANTIAGO,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | James P. Maguire, Assistant Federal Defender, *for* Terry S. Ward, Federal Defender, District of Connecticut. |
| For Appellee: | Patricia Stolfi Collins & Marc. H. Silverman, Assistant United States Attorneys, *for* John H. Durham, United States Attorney, District of Connecticut. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jesus Santiago ("Santiago") appeals from a May 10, 2017 judgment of the United States District Court for the District of Connecticut, following his plea of guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Santiago to 75 months of imprisonment, followed by a three-year term of supervised release. Before imposing this sentence, the district court calculated Santiago's Sentencing Guidelines range to be 77 to 96 months of imprisonment. In doing so, the district court determined that, pursuant to U.S.S.G. § 2K2.1(a)(2), Santiago had "committed . . . part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." *Id.*; *see also id.* § 4B1.2(a) (defining the term "crime of violence"); *id.* § 4B1.2(b) (defining the term "controlled substance offense"). Santiago had previously sustained a conviction for possession with intent to sell a narcotic or hallucinogenic substance in violation of Conn. Gen. Stat. § 21a-277(a), and had also previously sustained a conviction for second-degree robbery in violation of Conn. Gen. Stat. § 53a-135(a)(1). The district court concluded that the former conviction qualified as a conviction of a "controlled substance offense," and that the latter conviction qualified as a conviction of a "crime of violence." On appeal, Santiago argues that the district court erred in reaching these conclusions, and thereby committed procedural error in its Guidelines calculation. Santiago separately argues that his 75-month sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We first conclude that we need not address Santiago's argument that the district court committed procedural error in its Guidelines calculation, because even assuming *arguendo* that the district court *did* commit procedural error, any such error was harmless. "If we 'identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing.'" *United States v. Mandell*, 752 F.3d 544, 553 (2d Cir. 2014) (per curiam) (quoting *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009)); *accord United States v. Acoff*, 708 F. App'x 3, 5 (2d Cir. 2017) (summary order). As the Supreme Court noted in *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), although "[i]n most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome," there are "instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist." *Id.* at 1346. "The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range," and a judge's explanation of his "reasons [for] the selected sentence . . . could make it clear that the judge based the sentence he or she selected on factors independent of the Guidelines." *Id.* at 1346–47.

The district court in Santiago's case made abundantly clear that it "thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.* at 1346. The court specifically noted in Santiago's written sentence that it "would have imposed the same sentence even if it had not determined that the [Santiago's] sale of narcotics conviction was a 'controlled substance offense' and his robbery conviction a 'crime of violence' under the Guidelines." J.A. at 203. The district court judge emphasized this same point repeatedly during Santiago's sentencing hearing.

3

*See, e.g.*, *id.* at 194 ("[I]t's really not the Guidelines that are driving the sentence. . . . Rather, what's driving the sentence here is, first, the extended nature of [Santiago's] criminal record, [his] pattern of recidivism, the length of previous sentences [he's] served, and the principle of incremental sentencing."); *id.* at 196 ("I note that I would impose the same sentence even if the 21a-277 conviction was not a controlled substance offense under the Guidelines and/or if the robbery second was not a crime of violence under the Guidelines."). Accordingly, "the record indicates clearly that the district court would have imposed the same sentence" even if it had *not* committed the alleged procedural error at issue; any such error is therefore "harmless," and we need not "vacate [Santiago's] sentence." *Mandell*, 752 F.3d at 553 (quoting *Jass*, 569 F.3d at 68).

We further conclude that Santiago's sentence was not substantively unreasonable. "We review a sentence for . . . substantive reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "Our review for substantive unreasonableness is 'particularly deferential.'" *Id.* (quoting *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012)). "We will identify as substantively unreasonable only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Id.* (internal quotation marks omitted) (quoting *Broxmeyer*, 699 F.3d at 289)). "Our review of a sentence for substantive reasonableness is governed by the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Jenkins*, 854 F.3d 181, 187 (2d Cir. 2017). "[T]he weight to be afforded any § 3553(a) factor," however, "'is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable.'" *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (quoting *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006)).

4

Here, the district court judge specifically considered the § 3553(a) factors in his decision, including "Santiago's history, his background, and his characteristics," "the nature and circumstances of this crime," and "the purposes of a criminal sentence," including "punishment," "deterrence," "rehabilitation," and "protecting the public from further criminal activity." J.A. at 187–88; *see also* 18 U.S.C. § 3553(a). The court noted Santiago's "difficult childhood," but also noted his "long criminal record, including drug offenses and violent crimes." J.A. at 190. The court also noted that Santiago had already received some lengthy sentences, and that his "criminal conduct has continued into [his] mid 30s," and that Santiago therefore showed himself to be a recidivist. *Id.* at 190, 193. The court therefore insisted that a lengthy sentence was necessary to protect the public and serve as a proper deterrent. *Id.* at 193. The court further noted that Santiago's time in prison could help rehabilitate him, and that he could take advantage of programs offered by the Bureau of Prisons. *Id.* at 193–94. Finally, the court noted that Santiago possessed a loaded firearm while travelling in a car, and that, when followed by the police, he "drove recklessly," thereby "plac[ing] other people's lives in danger." *Id.* at 192. "[W]e must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent" of any alleged variance between the sentence imposed and the (properly calculated) sentencing Guidelines range, and the fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. We therefore decline to vacate the district court's sentencing decision on substantive reasonableness grounds.

\*       \*       \*

We have considered Santiago's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk